# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00791-CV

**Eugenio Espinoza Martinez, Appellant**

**v.**

**Kathleen Anne Lozano Martinez, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT
NO. 12-1114-F425, HONORABLE MARK J. SILVERSTONE, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Eugenio Espinoza Martinez appeals the district court's default final decree of divorce from Kathleen Anne Lozano Martinez,[1] arguing that he did not receive adequate notice of the final hearing.[2]

Before Eugenio filed his brief, Kathleen notified this Court that she conceded error and that the decree should be reversed because Eugenio lacked adequate notice of the final hearing.[3] We abated this appeal and remanded this cause to the district court for appropriate findings of fact. The court's subsequent findings confirmed that Eugenio did not receive 45 days' notice of the

---

[1] We refer to the parties by their first names for clarity.

[2] Kathleen did not file an appellee's brief.

[3] Kathleen's letter was from an attorney who, despite our requests, did not file a motion to dismiss or a signed notice of appearance as appellate counsel. *See* Tex. R. App. P. 6.1(b)-(c), 42.1.

final hearing as required by Texas Rule of Civil Procedure 245. *See* Tex. R. Civ. P. 245 (permitting courts to set contested cases for trial by agreement of parties or with at least 45 days' notice to parties of first trial setting); *see also In re Marriage of Villa*, No. 05-12-00233-CV, 2013 Tex. App. LEXIS 3273, at *7-8 (Tex. App.—Dallas Mar. 25, 2013, no pet.) (mem. op.) (reversing and remanding default decree of divorce because appellant did not receive 45 days' notice of hearing disposing of contested issues in divorce). As such, we reverse the final decree of divorce and remand this cause to the district court for further proceedings.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Reversed and Remanded

Filed:  June 17, 2015